# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOSHUA M. KRAUSE,

        Petitioner,     :     Case No. 1:13-cv-057

  - vs -                          District Judge Sandra S. Beckwith
                                     Magistrate Judge Michael R. Merz

DEB TIMMERMAN-COOPER,WARDEN,
 London Correctional Institution,

                                     :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Joshua M. Krause brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Butler County Common Pleas Court on five counts of burglary, two counts of grand theft, and two counts of theft (Petition, Doc. No. 1, ¶ 4, PageID 20). On Order of Magistrate Judge Litkovitz (Doc. No. 5), Respondent Warden filed a Return of Writ (Doc. No. 13). In the meantime, Petitioner filed an Amended Petition (Doc. No. 12). After the Return, Petitioner filed a Reply (Doc. No. 14), making the case ripe for decision.

In the Amended Petition, Krause pleads the following Grounds for Relief:

> **Ground One:** Petitioner's rights to Due Process of Law and to Equal Protection of the Law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, were violated where the government failed to try him within the 180 day period mandated by statute from the time in which his request for disposition of untried charges was properly delivered to the government.
>
> **Supporting Facts:** On June 8, 2009, Petitioner, in compliance with the requirements of Ohio Revised Code §2941.401,presented the proper documentation to request speedy disposition of untried

1

indictments, informations, or complaints. He was not brought to trial within the 180 day period specified in the statute and a Motion to dismiss for speedy trial violation was denied.

**Ground Two:** Petitioner's right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution was violated when he was not tried in a timely fashion.

**Supporting Facts**: Following a request for disposition of untried indictments, informations, or complaints being properly presented, pursuant to Ohio Revised Code §2941.401, and the mandatory 180 day period for trial being exceeded, Petitioner was still tried and convicted of various charges. Petitioner was indicted on January 12, 2011, two and a half years after his arrest on October 6, 2008, and his requests for disposition of the complaints were ignored. The delay was excessive and unnecessary with no reasoning for the delay being asserted. Petitioner repeatedly sought a speedy trial and was unable to adequately defend in the case due to the excessive delay.

(Amended Petition, Doc. No. 12, PageID 46-47.)

**Procedural History**

In May 2009 Krause was serving a sentence of imprisonment at the Noble Correctional Institution, an Ohio prison facility (Petition, Doc. No. 4, PageID 24). During that time, Butler County Deputy Sheriffs came to talk to him about the crimes in the indictment in this case. *Id.* Krause asserts that, after the interviews, he sent appropriate notices to the Middletown Municipal Court, the Butler County Prosecutor, and the Butler County Clerk of Courts demanding prompt disposition of the charges against him. *Id.* He alleges the notices were sent June 8, 2009, and received on June 15, 2009. *Id.*

Copies of the Notices are included in the state court record filed by Respondent. The first notice is captioned "Notice of Untried Indictments, Information or Complaint and Rights to

Request Disposition" and advises Krause of a detainer in Case No. CRA 0801084A for a charge of burglary (Return of Writ, Doc. No. 13-1, PageID 65). Krause has checked the box indicating "I DO make a request for early disposition of any untried indictment, information or complaint under section 2941.01." *Id.* The second notice is captioned "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints," bears the same case number of description of charges, is directed to the Butler County Sheriff, and asks for appointment of counsel. *Id.* at PageID 66. The third notice is in the same form as the first, but advised Krause of a theft charge bearing Case No. 09CRA00-159-A. Krause checked the same box as on the first notice *Id.* at PageID 67. The fourth notice is in the same form as the second, but is directed to the Middletown Police Department and requests appointment of counsel. *Id.* at PageID 68.

The docket from the Middletown Municipal Court shows that Case Nos. 08CRA06165 and 09CRA0159 were withdrawn at the request of the prosecutor on July 20, 2009, about six weeks after Krause requested disposition. *Id.* at PageID 70-71, 74-75.

On December 8, 2010, the Butler County Grand Jury returned an indictment against Krause charging him with nine felony counts from September 29, 2008; October 1, 2008; and October 8, 2008 (five counts of burglary, two of grand theft, and two of theft). On March 21, 2011, Krause, through counsel, filed a Motion for Discharge for Delay in Trial which raised both a statutory claim under Ohio Revised Code § 2945.73 and Ohio and federal constitutional claims (Return of Writ, Doc. No. 13-1, PageID 91). He claims to have been arrested on October 6, 2008. Judge Oney denied the Motion on July 22, 2011. *Id.* at PageID 101. Krause moved to reconsider, focusing on his demands for prompt disposition under Ohio Revised Code § 2941.401 which Judge Oney denied. *Id.* at PageID 103-05, 109. Krause then waived his right

3

to trial and pled no contest to all counts of the Indictment. *Id.* at PageID 111-16. Krause was sentenced on October 10, 2011 (Judgment of Conviction, Return of Writ, Doc. No. 13-1, PageID 117-20).

Krause appealed to the Twelfth District Court of Appeals (Notice of Appeal, Return of Writ, Doc. No. 13-1, PageID 121). On appeal he raised two Assignments of Error dealing with delay, the first under Ohio Revised Code § 2941.01 and the second under the Ohio and federal Constitutions (Brief, Return of Writ, Doc. No. 13-1, PageID 128). The Twelfth District affirmed. *State v. Krause,* Case No. CA2011-10-191 (Ohio App. 12th Dist. July 23, 2012)(unreported; copy at Return of Writ, Doc. No. 13-1, PageID 213-14). The Ohio Supreme Court declined jurisdiction over a subsequent appeal and the instant habeas corpus petition followed.

## ANALYSIS

**Ground One: Speedy Trial under Ohio Revised Code § 2941.401**

In his First Ground for Relief, Krause claims he was denied due process of law and equal protection of the laws, both as guaranteed by the Fourteenth Amendment to the United States Constitution, when the state did not bring him to trial within 180 days of his June 8, 2009, demand for disposition on untried charges. Krause bases his claim on Ohio Revised Code § 2941.401. which provides:

> § 2941.401. Prisoner may request trial on pending charges
>
> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the

> continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
>
> The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
>
> The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
>
> Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.
>
> If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.
>
> This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death.

Krause claims he complied with this statute but that the state courts did not and that he was thereby denied due process and equal protection.

The Warden asserts that Krause waived this claim by pleading no contest. The correct analysis requires deciding if Krause forfeited this claim by his plea. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993), *see also Freytag v. C.I.R.*, 501 U.S. 868, 895 (1991)(acknowledging that the Supreme Court has so often used the words interchangeably that it may be too late to introduce precision.) Krause has cited persuasive authority to the effect that a plea of no contest does not necessarily forfeit speedy trial issues. *State v. Mavroudis*, 2003-Ohio-3289, 2003 Ohio App. LEXIS 2958 (Ohio App. 7th Dist. 2003). Certainly the Twelfth District Court of Appeals reached the merits of this claim on direct appeal and did not rely on any asserted forfeiture. This Court declines to find a procedural default of this claim by forfeiture since no such default was enforced against Krause by the Ohio courts. Compare *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

This Ground for Relief fails to state a claim under the Equal Protection Clause. The gravamen of that Clause is that the States may not discriminate against someone on a basis prohibited by the Constitution. But to even begin to state a claim, a habeas petitioner must allege that someone similarly situated was treated more favorably than he was. No such allegation is made at all in the Petition.

With respect to due process, Krause's Petition is read as asserting he was not given the process spelled out in Ohio Revised Code § 2941.401 and that this deprive him of the process to which he was due. However, failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state

6

cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).

Finally, the question of what Ohio Revised Code § 2941.401 means as applied to Krause's situation is a question of Ohio law. The Twelfth District Court of Appeals decided in this case that Krause did not comply with the requirements of that statute because he did not give notice of the case numbers of any undisposed charges. *State v. Krause, supra*, ¶ 2. This Court has no authority to overrule a state court of appeals in its interpretation of a state statute. Thus Krause's argument that the Twelfth District did not properly apply Ohio Revised Code § 2941.401 cannot be considered by this Court.

The First Ground for Relief should be dismissed.

**Ground Two: Speedy Trial under the Ohio and Federal Constitutions**

In his Second Ground for Relief, Krause asserts that he was denied his speedy trial rights under the Ohio and federal Constitutions.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

7

States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

"It is fundamental that state courts be left free and unfettered by [the Supreme Court] in interpreting their state constitutions." *Florida v. Powell,* 559 U.S. 50, 56 (2010), *quoting Minnesota v. National Tea Co.*, 309 U.S. 551, 557 (1940). The claim that Ohio violated its own constitutional guarantee of speedy trial in this case is not cognizable in federal habeas corpus.

The Sixth Amendment to the United States Constitution guarantees a speedy public trial in criminal cases. The Fourteenth Amendment makes that right applicable to the states. *Klopfer v. North Carolina,* 386 U.S. 213 (1967). However, in *United States v. Lovasco*, 431 U.S. 873 (1977), the Court held:

> as far as the Speedy Trial Clause of the Sixth Amendment is concerned, such [pre-indictment] delay is wholly irrelevant, since our analysis of the language, history, and purposes of the Clause persuaded us that only "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge… engage the particular protections" of that provision. *Id.,* at 320. [footnote omitted]  We went on to note that statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide "'the primary guarantee against bringing overly stale criminal charges.'" *Id.,* at 322, quoting *United States* v. *Ewell,* 383 U.S. 116, 122 (1966).

*Id.* at 788-79, *citing United States v. Marion*, 404 U.S. 307 (1971). In addition in *Lovasco*, the Court found insufficient prejudice to the defendant from the death of two witnesses during the delay.

In denying Krause's Second Assignment of Error, the Twelfth District held that "he failed to present evidence that he suffered 'substantial prejudice' as a result of the state's preindictment delay in bringing charges against him that would have deprived him of his right to a fair trial, such as the loss of a witness or other key evidence." *State v. Krause, supra*, ¶ 3.

In arguing to that court that he had shown prejudice, Krause claimed the prejudice

8

consisted in his inability to demand his rights under Ohio Revised Code § 2941.401. (Brief, Return of Writ, Doc. No. 13-1, PageID 138.) But that is plainly not the sort of prejudice the Supreme Court intended in *Lovasco*. There is no suggestion that any witnesses or other evidence had become unavailable by the time of indictment.

In his Petition, Krause argues prejudice arises from the fact that he was already serving a prison sentence and "the delay prevented him from being able to serve his sentences concurrently, or any sentence he would receive concurrently with the sentence he was already serving in prison." (Doc. No. 4, PageID 29.) He even claims, with no proof, that "[t]he State chose to delay the proceeding for no other reason than to be certain Appellant would serve additional time for the new charges, including those he was incarcerated for, all occurred during a time in his life when he was dealing with multiple personal issues." *Id.* That also is not the sort of prejudice the Supreme Court found relevant in *Lovasco*. In addition, there is no constitutionally protected interest in the possibility of serving state sentences concurrently. Rather the prejudice required under *Lovasco* prejudice to one's ability to have a fair trial.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Krause has failed to show any way in which the Twelfth District's decision on his Second Assignment of Error was an objectively unreasonable application of *Lovasco*. The Second Ground for Relief should therefore be dismissed.

9

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 11, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).