IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joshua M. Krause,            )
                             )
       Petitioner,           )  Case No. 1:13-CV-57
                             )
  vs.                        )
                             )
Warden, London Correctional  )
Institution,                 )
                             )
       Respondent.           )

O R D E R

This matter is before the Court on Petitioner Joshua M. Krause's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 4), Magistrate Judge Merz's Report and Recommendation of April 11, 2014 (Doc. No. 16) recommending that Petitioner's petition be denied, and Petitioner's objections to the Report and Recommendation (Doc. No. 21). For the reasons that follow, Petitioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Petitioner's petition for a writ of habeas corpus is not well-taken and is **DENIED.**

I. Background

Petitioner is a prisoner in the custody of the Ohio Department of Rehabilitation and Corrections. In September 2011, Petitioner was convicted after pleading no contest to a nine-count indictment charging him with committing a string of burglaries and thefts in Butler County, Ohio that took place between September 29, 2008 and October 8, 2008.

Petitioner is serving an aggregate term of five years of imprisonment on these offenses pursuant to a plea agreement with the prosecution. Petitioner pleaded no contest in order to preserve an appeal that his prosecution on these charges violated his right to a speedy trial.

According to the record, in May 2009, Petitioner was serving a term of imprisonment in Noble Correctional Institution on a different conviction when deputies from Butler County arrived to question him about the burglaries eventually charged in the indictment. In June 2009, Petitioner sent notices to the Butler County Prosecutor, the Butler County Clerk of Court, and Middletown Municipal Court pursuant to Ohio Rev. Code § 2941.401 requesting a prompt disposition of the charges against him. Generally speaking, if a person is already serving a term of imprisonment and has pending untried charges against him, § 2941.401 requires that, upon proper notice by the prisoner, he be brought to trial within 180 days after his request for final disposition of the matter. Unless the trial court has granted a continuance for good cause shown, § 2941.401 requires dismissal of the action if the person is not brought to trial within 180 days after a proper request for final disposition of the charges. Petitioner's notices listed two case numbers, CRA0801084A (burglary) and 09CRA00159-A (theft), in which criminal complaints had been filed. It appears that in July 2009, the prosecutor withdrew complaints on charges of burglary and receiving stolen property in a number of other cases that had been filed, including the theft case just mentioned. See Doc. No. 13-1, at 6-17. It should be noted that whereas Petitioner's notice on case 09CRA00159-A listed theft as the charge, the docket sheet from the Middletown Municipal Court states that

the offense in that case was receiving stolen property. See Doc. No. 13-1, at 10.

In any event, in December 2010, the grand jury in Butler County returned a nine-count indictment charging Petitioner with five counts of burglary, two counts of grand theft, and two counts of theft. Doc. No. 13-1, at 18-20. In March 2011, prior to entering his no contest plea, Petitioner filed a motion with the trial court to dismiss the indictment on state and federal speedy trial grounds. Doc. No. 13-1, at 27-29. Petitioner's motion argued that dismissal of the indictment was required due to the delay between his arrest and the trial date, which he calculated to be 848 days as of the date his motion was filed. In July 2011, the trial judge entered a brief order denying Petitioner's speedy trial motion. Doc. No. 13-1, at 37. In August 2011, Petitioner filed a motion to reconsider his motion to dismiss the indictment pursuant to § 2941.401. The trial judge also denied this motion in a brief entry. Doc. No. 13-1, at 39-41, 45.

After his change of plea and sentencing, Petitioner filed a direct appeal as of right to the Ohio Court of Appeals which raised two assignments of error: 1) the trial court erred in denying his motion to dismiss pursuant to § 2941.401 and 2) the delay between the discovery of the crimes, and the filing of the criminal complaints, and the return of the indictment resulted in a denial of his right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution. Doc. No. 13-1, at 63-76. With respect to his federal constitutional claim, Petitioner argued that he was prejudiced by the pre-indictment delay because he was unable to file a motion to dismiss the indictment pursuant to § 2941.401. Petitioner's assessment of prejudice as it relates to this assignment of error is somewhat difficult to follow, but he appears to have argued that

had criminal complaints been filed against him in a timely manner he then would have been able to demand a speedy trial under § 2941.401.  In other words, he contended that the police should not be able to avoid the speedy trial provisions of § 2941.401 by delaying filing criminal complaints against an incarcerated defendant.

In July 2012, the court of appeals entered a judgment overruling Petitioner's two assignments of error.  The court overruled Petitioner's state speedy trial claim on the grounds that he failed to include the case numbers of the untried indictments or complaints on which he wanted a prompt disposition.  Citing United States v. Lovasco, 431 U.S. 783, 789 (1977), the court overruled Petitioner's federal due process claim on the grounds that he had not shown prejudice resulting from the pre-indictment delay in the form of lost witnesses or lost evidence.  Doc. No. 13-1, at 149-50.  In November 2012, the Supreme Court of Ohio denied Petitioner's appeal of the court of appeals' judgment as not involving any substantial constitutional question.  Doc. No. 13-1, at 170.

In March 2013, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner's original petition raised two assignments of error: 1) the State of Ohio denied Petitioner his right to a speedy trial under Ohio Rev. Code § 2941.401; and 2) the trial court erred in denying his motion to dismiss the indictment because the pre-indictment delay resulted in a denial of due process as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.  In July 2013, Petitioner amended his second assignment of error by alleging that his right to a speedy trial under the Sixth Amendment to the U.S. Constitution was violated by the

4

delay between his arrest and indictment. Doc. No. 12. In responding to the petition, Respondent in part argued that Petitioner procedurally defaulted his Sixth Amendment claim by not presenting it to the state courts. Doc. No. 13, at 11-12.

In April 2014, Magistrate Judge Merz issued a Report and Recommendation (Doc. No. 16) recommending that Petitioner's habeas petition be denied, that the Court decline to issue a certificate of appealability, and that the Court deny Petitioner leave to proceed in forma pauperis on appeal. Judge Merz concluded that Petitioner's first assignment of error alleged only a violation of state law, a claim that is not cognizable in federal habeas proceedings. With respect to Petitioner's second assignment of error, Judge Merz concluded that the state court of appeals' rejection of his due process claim was not an unreasonable application of the U.S. Supreme Court's decision in Lovasco. In reaching that conclusion, Judge Merz essentially agreed with the court of appeals that Petitioner failed to demonstrate any prejudice that resulted from the pre-indictment delay, such as a loss of witnesses or other evidence.

Judge Merz granted Petitioner an extension to file objections to his Report and Recommendation. After the passage of several months and prompting from the Court in the form of a show cause order, Petitioner filed objections to the Report and Recommendation which are now ready for disposition.

## II. Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's

adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state-court opinion violates the "unreasonable application" clause of § 2254 when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state-court opinion will also involve the "unreasonable application" of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." Seymour v. Walker, 224 F.3d 542, 549 (6th Cir. 2000). The Supreme Court stated that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. In defining the meaning of the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews de novo Magistrate Judge

Merz's Report and Recommendation.

### III. Analysis

#### A. State Speedy Trial Rights

Petitioner's first assignment of error alleges that the trial court erred in denying his motion to dismiss the indictment pursuant to Ohio Rev. Code § 2941.401. Magistrate Judge Merz correctly determined that a claim that the state court violated a prisoner's right to a speedy trial as provided by state law is not cognizable in § 2254 proceedings. See Norris v. Schotten, 146 F.3d 314, 328 (6th Cir. 1998). Petitioner's objections to the Report and Recommendation complain that Judge Merz incorrectly interpreted his first assignment of error as alleging he was denied the process spelled out by § 2941.401 when he is really alleging that the state denied his constitutional right to due process. This is a disingenuous argument - the petition's first assignment of error specifically alleges that § 2941.401 required dismissal of the indictment under the circumstances of Petitioner's case. Moreover, Petitioner's first assignment of error makes no mention of any alleged federal constitutional due process violation. In other words, Judge Merz did not misinterpret the petition by concluding that the first assignment of error asserts a claim based only on an alleged violation of state law.

Smith v. Hooey, 393 U.S. 374 (1969), cited by Petitioner in his objections, is not applicable in this case. In Smith, the Court concluded that the Sixth Amendment required the State of Texas to make a diligent, good faith effort to request a writ of habeas corpus ad prosequendum to bring the petitioner to trial on a theft indictment that was filed while he was in federal custody after he requested a speedy disposition of that

7

charge. Id. at 579. Smith does not apply here because Petitioner's first assignment of error does not allege a Sixth Amendment violation. Again, it alleges only a state law violation.

Petitioner's objections to Judge Merz's resolution of his first assignment of error are not well-taken and are **OVERRULED.**

### B. Federal Due Process Violation

Petitioner originally alleged that the pre-indictment delay violated his Fifth and Fourteenth Amendment due process rights. He later amended his petition to allege that his Sixth Amendment rights were violated by the delay between his arrest and indictment. As noted, Respondent argued that Petitioner procedurally defaulted any Sixth Amendment claim by not raising it before the state court of appeals. Judge Merz did not address Petitioner's Sixth Amendment claim per se, but found that the state court did not unreasonably apply the Supreme Court's decision in Lovasco in concluding that he was not prejudiced by the pre-indictment delay. Petitioner argues in his objections that Lovasco does not apply to his second assignment of error and that Judge Merz should have evaluated his Sixth Amendment claim under the four-part test set out in Barker v. Wingo, 407 U.S. 514 (1972).

Although Judge Merz did not specifically address Respondent's procedural default argument in his Report and Recommendation, the Court agrees that Petitioner procedurally defaulted any Sixth Amendment claim by not fairly presenting it to the state court of appeals. Federal courts lack jurisdiction to consider habeas claims that were

not fairly presented to the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." Id. In this case, Petitioner's direct appeal alleged only that the pre-indictment delay violated his Fifth and Fourteenth Amendment rights to due process. See Doc. No. 13-1, at 74. Petitioner did not cite either the Sixth Amendment or Barker in his brief. Indeed, Petitioner relied exclusively on an alleged due process violation as established by Lovasco. Id. Accordingly, Petitioner procedurally defaulted any Sixth Amendment claim by not raising the legal and factual basis for it in state court. Compare to Williams v. Anderson, 460 F.3d 789, 807 (6th Cir. 2006) (petitioner did not "fairly present" federal due process claim to Supreme Court of Ohio where his brief "did not once mention the Due Process Clause, the Constitution, or the Fourteenth Amendment, nor did it cite to a single Supreme Court case").

Judge Merz correctly determined that the state court of appeals did not unreasonably apply Lovasco in concluding that Petitioner was not prejudiced by the pre-indictment delay in his case. Before proceeding further it should be noted that a person's Sixth Amendment rights are triggered by his arrest, indictment or other formal accusation. United States v. MacDonald, 456 U.S. 1, 6-7 (1982). Prior to an arrest or indictment, the question of whether undue delay resulted in prejudice to the defendant is controlled by the Due Process Clause of the Fifth Amendment. Id. at 7. The filing of a criminal complaint does not, by itself, implicate the Sixth Amendment's speedy trial guarantee. See United States v. Marion, 404 U.S. 307, 320 (1971)("[I]t is readily

9

understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment."). In Lovasco, the Court held that in order to prevail on a due process claim based on pre-indictment delay, the defendant must prove both prejudice resulting from the delay and, essentially, the lack of a good reason on the part of the prosecution for the delay. 431 U.S. at 790 ("[T]he due process analysis must consider the reasons for the delay as well as the prejudice to the accused."). The Sixth Circuit, for instance, has consistently interpreted the second part of Lovasco to require the defendant to prove that the delay was a tactical device by the government to gain a tactical advantage. United States v. Duncan, 763 F.2d 220, 222 (6th Cir. 1985).

In this case, however, the state court of appeals reasonably concluded that the pre-indictment delay did not prejudice Petitioner because he did not claim the loss of witnesses or evidence. Instead, Petitioner only claimed prejudice under the somewhat circular logic that had he been formally indicted sooner he could have moved to dismiss the charges under the state speedy trial provisions. This contention is unavailing inasmuch as Lovasco itself held that the prosecution is not required to promptly file charges after assembling evidence sufficient to prove guilt beyond a reasonable doubt. 431 U.S. at 792-96. Petitioner also claims prejudice from the delay because he lost the opportunity to serve his sentence in this case concurrently with the sentence he was already serving at the time. However, the loss of an opportunity to serve concurrent sentences does not establish prejudice for purposes of an alleged pre-indictment due

process violation. The pre-indictment delay, rather, must prejudice the individual's right to a fair trial. Duncan, 763 F.2d at 222. The loss of the ability to serve sentences concurrently does not implicate the right to a fair trial. United States v. Uribe-Rios, 558 F.3d 347, 358 (4th Cir. 2009).

In this case, as Judge Merz concluded, the state court of appeals reasonably determined that the pre-indictment delay did not result in prejudice to Petitioner. Petitioner's objections to Judge Merz's resolution of his second assignment of error, therefore, are not well-taken and are **OVERRULED.**

Conclusion

For the foregoing reasons, Petitioner's objections to Magistrate Judge Merz's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. Petitioner's application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings. Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to

deserve encouragement to proceed further." Id. at 483-84. Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date August 18, 2014                             s/Sandra S. Beckwith
                                                 Sandra S. Beckwith
                                                 Senior United States District Judge